UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| IVAN GIBSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil No. 10-145-ART |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| JASON SLONE, et al., | ) ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Police officers are supposed to serve and protect. The plaintiff in this case, Ivan Gibson, alleges that Officers Jason Slone and Justin Pickrell fell far short of that obligation during an encounter on November 20, 2009. He filed a lawsuit against them. Because Gibson's claims against Slone and Pickrell in their official capacities are barred by sovereign immunity and his state-law claims for negligence and assault and battery are barred by the statute of limitations, the defendants' motions to dismiss are granted in part.

## BACKGROUND

After receiving reports that Gibson had been shooting a rifle and disturbing elk hunters near his home in Knott County, Kentucky, Officers Slone and Pickrell went to Gibson's residence on the evening of November 20, 2009. R. 1 ¶¶ 11-14. Gibson was seventy-five years old at the time. *Id.* ¶ 11. Gibson alleges that that Slone and Pickrell detained him for approximately ninety minutes before placing him under arrest. *Id.* ¶ 12. During that time, Officer Pickrell allegedly searched Gibson in an extremely rough manner, grabbing his testicles, yanking him off the ground, and causing severe pain and discomfort.

*Id.* ¶ 15. While transporting Gibson to jail, Officer Slone allegedly slammed his head into a vehicle and kicked his back and shins. *Id.* ¶ 17.

Gibson filed a complaint against Slone and Pickrell under 42 U.S.C. § 1983 claiming that they violated his rights under the Fourth, Fifth, and Eighth Amendments to the United States Constitution. *Id.* ¶¶ 25-28. He also included state-law claims for assault and battery, intentional infliction of emotional distress, and negligence. *Id.* ¶¶ 29-38. Officers Slone and Pickrell both filed partial motions to dismiss. R. 6, 8.

**ANALYSIS**

The parties agree on two things. First, Gibson concedes that his claims against Officers Slone and Pickrell in their official capacities are barred by sovereign immunity. R. 9 at 1; R. 11 at 1. Second, Gibson concedes that he has not alleged facts establishing violations of his rights under either the Fifth or Eighth Amendments. R. 11 at 3. These claims are therefore dismissed.

That is where the agreement ends. Slone and Pickrell also argue that Gibson's state-law claims for assault and battery and negligence are time-barred and that Gibson has failed to adequately allege a claim for intentional infliction of emotional distress.

**1.   Gibson's Claims for Assault and Battery and Negligence are Time-Barred**

The statute of limitations for Gibson's assault-and-battery and negligence claims is one year. *See* Ky. Rev. Stat. § 413.140(1)(a); *Phillips v. Lexington-Fayette Urban Cnty. Govt.*, 331 S.W.3d 629, 634 (Ky. Ct. App. 2010); *Straub v. St. Luke Hosp., Inc.*, No. 2007-CA-443, 2007-CA-511, 2008 WL 5264284, *19 (Ky. Ct. App. Dec. 19, 2008). The claims accrued on November 20, 2009—the date of the encounter—and Gibson filed his complaint

in this Court on November 19, 2010. R. 1. At first glance, it appears Gibson made it just in the nick of time. But there is a wrinkle. When a federal court hears a state-law claim, it not only applies the relevant state statute of limitations; it must also apply state law to determine when an action "commences" and the limitations clock stops ticking. *See Powell v. Jacor Commns. Corp.*, 320 F.3d 599, 602 (6th Cir. 2003). Under Kentucky law, an action commences "on the date of the first summons or process issued in good faith from the court having jurisdiction." Ky. Rev. Stat. § 413.250. Although the Kentucky rule is contrary to Federal Rule of Civil Procedure 3, which provides that an "action is commenced by filing a complaint," the Kentucky rule controls for purposes of determining whether Gibson's state-law claims are timely. *Eades v. Clark Distributing Co.*, 70 F.3d 441, 443-44 (6th Cir. 1995); *see Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980) ("Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations."). Although Gibson filed his complaint on November 19, 2010, summons did not issue from this Court until February 15, 2011.[1] R. 2. That is the date on which this action "commenced" under Ky. Rev. Stat. § 413.250, and measured from that date, it was too late. *See Eades*, 70 F.3d at 442 (holding that Kentucky state-law claim was time-barred, even though filed within the applicable statute of limitations, because summons did not issue until after the limitations period had run); *Bradford v. Bracken Cnty.*, --- F. Supp. 2d ----, No. 09-115-DLB, 2011 WL 127131, at *4-5 (E.D. Ky. Jan. 14, 2011) (same).

---

[1] This lengthy delay between filing and issuance of the summons was not the clerk's fault. As the record reflects, the clerk "spoke with [Gibson's] counsel regarding issuance of summonses" shortly after the complaint was filed, but Gibson's counsel "advised that summonses were not requested to be issued at [that] time."

Gibson acknowledges all of this, but he nonetheless argues that his state-law claims are timely because a federal statute, 28 U.S.C. § 1367(d), saves them. Gibson is mistaken. Section 1367(d) is part of the federal supplemental jurisdiction statute. Supplemental jurisdiction allows a plaintiff who has a claim over which a federal court has original jurisdiction to also include state-law claims "that are so related . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But doing this entails a risk—the state statute of limitations keeps ticking while the federal court is considering the claims. If the court ultimately dismisses the claims, the statute of limitations might have run, thus barring the plaintiff from subsequently asserting the claims in state court. This is where § 1367(d) comes in. It provides:

> The period of limitations for any claim [over which the court has supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

This provision "provides a tolling rule that must be applied by state courts." *Jinks v. Richland Cnty, S.C.*, 538 U.S. 456, 459 (2003). It ensures that, if the claims were timely filed in federal court, the plaintiff will have at least thirty days after the federal court dismisses the claims to bring them in state court. *Id.*

Gibson, however, reads § 1367(d) to create a tolling rule that also applies in federal court. He argues that, because the Court has supplemental jurisdiction over his state-law claims, filing those claims tolled the statute of limitations, and therefore they are timely even though summons did not issue until well after the one-year limitations period had elapsed. This argument is incorrect for several reasons. First, as the text and structure of the statute make clear, § 1367(d) provides a tolling rule that only operates in *state* courts. *See Jinks*,

538 U.S. at 459 ("[Section] 1367(d) provides a tolling rule that must be applied by *state courts* . . . ."). Thus, as several courts have recognized, tolling under § 1367(d) does not apply to claims in federal court. *See Peters v. Bd. of Trustees of Vista Unified Sch. Dist.*, No. 08-CV-1657, 2009 WL 2485753, at *3 (S.D. Cal. Aug. 11, 2009) (holding that "section 1367(d) tolling does not apply" to claims filed in federal court); *Parrish v. HBO & Co.*, 85 F. Supp. 2d 792, 796 (S.D. Ohio 1999) (same). Under Gibson's reading of the statute, every state-law claim over which a federal court has supplemental jurisdiction would be timely as long as it is filed within the statute of limitations, regardless of state rules to the contrary. But that runs directly counter to *Walker*'s holding that state law governs the operation of state statutes of limitations. 446 U.S. at 751. And under that reading, the Sixth Circuit's decision in *Eades*, which held time-barred a Kentucky-law claim that was filed within the limitations period but for which summons did not issue until after the limitations period had lapsed, was also wrong. 70 F.3d at 442. Not surprisingly, Gibson has not provided any support for his innovative reading of § 1367(d)—he has not cited to a single judicial decision embracing his theory.

Further, Gibson's argument fundamentally misunderstands the nature of tolling statutes. The statute of limitations cannot be "tolled" by filing a claim in the court that will ultimately decide it. A statute of limitations is a time limit for filing a claim; once the claim is filed, the limitations clock simply stops. Tolling, on the other hand, concerns events that occur *before* a plaintiff files his claim during which the limitations period is paused. Typical examples include if a plaintiff suffers a period of mental incompetence, s*ee* Ky. Rev. Stat. § 342.210, or if the defendant intentionally conceals his wrongdoing, *see* Ky. Rev. Stat. §

5

413.190(2).  Section 1367(d) simply designates another pre-filing event during which the statute of limitations is paused—the plaintiff's unsuccessful pursuit of a state-law claim under supplemental jurisdiction in federal court.  Indeed, the text of § 1367(d) presupposes that the federal court will ultimately dismiss the claim and the plaintiff will have an opportunity to reassert it in state court—the tolling period applies "while the claim is pending *and* for a period of 30 days *after it is dismissed*."  Gibson may be able to benefit from § 1367(d)'s tolling rule if he later asserts his claims in state court (although the Court does not so decide), but the notion that § 1367(d) tolls Gibson's claims so as to make them timely in this Court runs directly counter to the nature and purpose of tolling statutes.  Accordingly, because § 1367(d) does not save Gibson's claims for assault and battery and negligence, they are time-barred.

> 2. **Intentional Infliction of Emotional Distress**

Pickrell and Slone also argue that Gibson has not stated a claim for intentional infliction of emotional distress (IIED).  Although this claim is not time-barred—the statute of limitations is five years, *Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984)—Pickrell and Slone argue that the facts Gibson has alleged will not support an IIED claim under Kentucky law.  As this Court has previously recognized, IIED, also known as the tort of outrage, is available to plaintiffs in Kentucky in two circumstances:  (1) as a "gap-filler" where "a more traditional tort cannot provide redress for the alleged conduct," and (2) if "the defendants solely intended to cause extreme emotional distress."  *Green v. Floyd Cnty, Ky.*, No. 09-20, 2011 WL 978148, at *2 (E.D. Ky. Mar. 17, 2011) (citing *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. Ct. App. 1993) and *Brewer v. Hillard*, 15 S.W.3d 1, 7-

8 (Ky. Ct. App. 1993)). IIED cannot play the gap-filler role for Gibson because he could have recovered damages for emotional distress on his assault-and-battery claim (that is, if the claim were not time-barred). *See Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. Ct. App. 2001). But Gibson may still be able to prevail if he can prove that Pickrell and Slone "intended only to cause extreme emotional distress." *Rigazio*, 853 S.W.2d at 299. Taking the factual allegations in Gibson's complaint as true, as the Court must, a reasonable jury could conclude that Slone and Pickrell's sole purpose was to cause Gibson extreme emotional distress. True, a jury could also conclude that the defendants' actions—invasively and roughly searching Gibson's body, detaining him for a lengthy period, and physically abusing him—were intended to cause physical pain, or to gratify their own sadistic desires, in which case an IIED claim would not lie. But a jury could also conclude that the defendants' sole purpose in doing all of these things was to humiliate Gibson and cause him emotional distress. *See Brewer*, 15 S.W.3d at 8 (holding that plaintiff could maintain IIED claim because jury could have believed that defendant's sole purpose in sexually harassing plaintiff was to cause emotional distress rather than to satiate his own sexual proclivities). Accordingly, Gibson's IIED claim survives, at least for now.

## CONCLUSION

For these reasons, it is **ORDERED** that the defendants' motions to dismiss, R. 6, 8, are **GRANTED IN PART** and **DENIED IN PART**. The following claims are dismissed: (1) the claims against Slone and Pickrell in their official capacities; (2) the state-law claims

for assault and battery and negligence; and (3) the § 1983 claims based on violations of the Fifth and Eighth Amendments.

This the 23rd day of May, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge